Filed 5/17/24  P. v. Tolentinolopez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330649 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Superior Court No. BA507188 |
| ANDREW TOLENTINOLOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

Four victims were robbed at gunpoint. A February 2023 information charged Defendant Andrew Tolentinolopez and others with four counts of second degree robbery—felonies designated serious and violent. The information listed aggravating circumstances of the offenses.

In April 2023, Defendant pleaded no contest to one robbery count, along with two codefendants. The prosecutor advised him of his constitutional rights and the consequences of his plea. Defendant waived these rights and entered the plea. His trial counsel joined and stipulated to a factual basis for the plea based on the police reports and preliminary hearing transcript.

The trial court accepted Defendant's plea and dismissed the remaining counts. The court sentenced him to the agreed term of two years in state prison, the low term on the one robbery count. The court also imposed fines and fees totaling $370, excluding a stayed parole revocation restitution fine.

Defense counsel argued her client was indigent and asked the court to stay or not impose the fines and fees. When the court declined, counsel requested a certificate of probable cause to file an appeal. The court again declined, and counsel said she would appeal anyway.

Defendant's notice of appeal specified his appeal was based on the sentence or other matters postdating his plea that did not affect its validity.

In November 2023, appointed appellate counsel submitted to the trial court an informal motion to vacate or stay the fines and fees. The motion clarified that the sole issue on appeal was the imposition of fines and fees despite Defendant's inability to pay, which does not require a certificate of probable cause.

In January 2024, the trial court granted the motion and directed the clerk to prepare an amended Abstract of Judgment.

Defendant's appellate counsel then filed an opening brief raising no issues and asking this court to review the record independently under *Wende*. Counsel also advised Defendant of his right to file a supplemental brief for us to consider. Defendant did not file a response.

We have examined the entire appellate record. We commend Defendant's counsel for efficiently resolving the fees issue at the trial court. We are satisfied counsel fully complied with her responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.